# Supreme Court of Texas

---

No. 21-0157

---

IMT Pavilion III LP and Investors Management Trust Real
Estate Group, Inc. d/b/a IMT Residential,

*Petitioners*,

v.

Victor Mendez, for Himself and All Others Similarly Situated,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the First District of Texas

---

**PER CURIAM**

Justice Huddle and Justice Young did not participate in the decision.

Landlord IMT Pavilion[1] challenges through interlocutory appeal the certification of two classes of its current and former tenants to pursue claims against IMT Pavilion under Section 13.505 of the Texas Water Code. Several months after IMT Pavilion filed its petition for

---

[1] We refer to the petitioners, IMT Pavilion III LP and Investors Management Trust Real Estate Group, Inc. d/b/a IMT Residential, collectively, as IMT Pavilion.

review in this Court, we addressed the requirements of Texas Rule of Civil Procedure 42 in a trio of decisions. Although the court of appeals affirmed the trial court's order certifying the two classes, the court did not have the benefit of our recent opinions in *American Campus Communities, Inc. v. Berry*, 677 S.W.3d 277 (Tex. 2023), *Mosaic Baybrook One, L.P. v. Simien*, __ S.W.3d __, 2023 WL 3027992 (Tex. Apr. 21, 2023), and *Mosaic Baybrook One, L.P. v. Cessor*, __ S.W.3d __, 2023 WL 3027939 (Tex. Apr. 21, 2023). Accordingly, without hearing oral argument, we grant the petition for review without reference to the merits, vacate the court of appeals' judgment, and remand this case to that court to reconsider the parties' arguments in light of those decisions. *See* TEX. R. APP. P. 59.1, 60.2.

**OPINION DELIVERED:** June 30, 2023